# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

CURTIS MILES                                                                                       PLAINTIFF

v.                      4:19-cv-00344-SWW-JJV

CITY OF DES ARC, and
PRAIRIE COUNTY, ARKANSAS
                                                               DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy or the original of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I.  INTRODUCTION

Curtis Miles ("Plaintiff") has filed a *pro se* Complaint, pursuant to 42 U.S.C. § 1983, alleging he was denied constitutionally adequate medical care while he was in the Prairie County Jail.

### II.  SCREENING

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(A)(b).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts." *Id.* But regardless of

whether a plaintiff is represented or appearing *pro se*, his "complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Twombly*, 550 U.S. at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility" of entitlement to relief. *Id*. at 557.

Title 42 of the United States Code, section 1983 allows an individual to bring suit against persons who, under color of state law, have caused him to be "depriv[ed] of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983 (1996). Section 1983 itself "creates no substantive rights; it merely provides remedies for deprivation of rights established elsewhere." *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985) (citations omitted). In order to state a claim pursuant to 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

### III. PLAINTIFF'S COMPLAINT

Plaintiff alleges he did not receive constitutionally adequate medical care for high blood pressure and a "light stroke" while he was in the Prairie County Jail from April 6 to 19, 2019. (Doc. No. 1 at 1.) The only Defendants are the City of Des Arc and Prairie County. (*Id*.)

Because there is no vicarious liability in § 1983 actions, the City of Des Arc and Prairie County cannot be held liable for constitutional violations committed by their employees. *Marsh*

*v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018). Instead, the City and County can be held liable only if the alleged lack of constitutionally adequate medical care was caused by an official policy, or an unofficial custom or practice. *Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018); *A.H. v. St. Louis Cty., Missouri*, 891 F.3d 721, 728 (8th Cir. 2018); *Mick v. Raines,* 883 F.3d 1075, 1079 (8th Cir. 2018). Plaintiff has not raised any such allegations.

Importantly, I brought this pleading deficiency to Plaintiff's attention in my June 18, 2019 Order, gave him thirty (30) days to file an Amended Complaint curing it, and cautioned him that I would recommend dismissal if he failed to timely do so. (Doc. No. 4.) My June 18, 2019 Order was returned undelivered because Plaintiff has been released without providing a current mailing address. (Doc. No. 5.) I previously cautioned Plaintiff of his obligation to maintain a current mailing address with the Clerk, and the possible consequences of his failure to do so. (Doc. No. 2.) Plaintiff received that admonition. (Doc. No. 2, 3.)

The Complaint, as it now stands, does not state a plausible § 1983 claim for relief. Accordingly, I recommend it be dismissed without prejudice for failure to state a claim upon which relief maybe granted.

## IV.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED THAT:

1.   The Complaint (Doc. No. 1) be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2.   Dismissal be counted as a "strike" pursuant to 28 U.S.C. § 28 U.S.C. § 1915(g).[1]

---

[1] Title 28 U.S.C. § 1915(g) provides as follows: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent

     3.     The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting this recommendation and the accompanying Judgment would not be taken in good faith.

DATED this 23rd day of July 2019.

                                              JOE J. VOLPE
                                              UNITED STATES MAGISTRATE JUDGE

---

danger of serious physical injury."